UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KELLY PERRERA, ET AL.**                                          **CIVIL ACTION**

**VERSUS**                                                         **NO. 17-5554**

**KYMCO USA, INC., ET AL.**                                        **SECTION "B"(2)**

## ORDER AND REASONS

The Court issued an Order for Defendant KYMCO USA, Inc. to show cause why the above-captioned matter should not be remanded to state court for lack of subject matter jurisdiction. Rec. Doc. 19. Defendant KYMCO timely filed a response. Rec. Doc. 20. There is also a pending motion, filed by Defendant Hall's Motorsports of New Orleans, Inc., to recognize a Louisiana state court consent judgment. Rec. Doc. 17. For the reasons discussed below,

**IT IS ORDERED** that the above-captioned matter is **REMANDED** to Civil District Court for the Parish of Orleans.

**IT IS FURTHER ORDERED** that the motion relative to the state court judgment (Rec. Doc. 17) is **DISMISSED AS MOOT.**

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of a tragic all-terrain vehicle (ATV) accident that left Plaintiff Kelly Perrera injured. *See* Rec. Doc. 3-1 at 8. Kelly Perrera and her husband, Rene Perrera, brought a negligence claim against the ATV retailer, Hall's Motorsports of New Orleans, Inc., and negligence and products liability claims against the ATV manufacturer, KYMCO USA, Inc. *See* Rec. Doc. 3-1 at

1

9-15. Plaintiffs are citizens of Louisiana, Defendant Hall's Motorsports is a citizen of Louisiana, and Defendant KYMCO is a citizen of South Carolina. *See* Rec. Doc. 1 at 2-3.

When Plaintiffs purchased the ATV, they signed an arbitration agreement with Hall's Motorsports. *See id.* at 4. After filing suit in Louisiana, Plaintiffs agreed to arbitrate their claim against Hall's Motorsports. *See* Rec. Doc. 17-3. The state court entered a consent judgment that stayed Plaintiffs' claims against Hall's Motorsports pending the outcome of arbitration, but retained jurisdiction to enforce the arbitration award. *See id.*

Shortly before the state court entered the consent judgment, Defendant KYMCO filed a notice of removal. *See* Rec. Doc. 1. Acknowledging that there is incomplete diversity among the parties on the face of the complaint, KYMCO argued that Hall's Motorsports was improperly joined and should be disregarded as a party. *See id.* at 3-5. KYMCO premised its argument on the fact that Plaintiffs' claim against Hall's Motorsports is subject to an arbitration agreement. *See id.*

Hall's Motorsports, without objection from Plaintiffs or KYMCO, then moved this Court to recognize the state court consent judgment and stay the instant proceedings against Hall's Motorsports in this Court. *See* Rec. Doc. 17. In response to this motion, the Court ordered KYMCO to show cause why the above-captioned matter should not be remanded to state court for lack of

subject matter jurisdiction. *See* Rec. Doc. 19. KYMCO timely filed a response. *See* Rec. Doc. 20.

**LAW AND ANALYSIS**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c). A district court "may consider subject matter *sua sponte*, as subject-matter delineations must be policed by the courts on their own initiative." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 280-81, 284 (5th Cir. 2007) (remanding case to state court for lack of subject matter jurisdiction after *sua sponte* raising the issue of whether non-diverse defendant was actually improperly joined).

The above-captioned matter was removed from Louisiana state court on the basis of diversity jurisdiction. *See* Rec. Doc. 1 at 1 (citing 28 U.S.C. § 1332). Diversity jurisdiction is present when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Here, Plaintiffs are citizens of Louisiana, Defendant KYMCO is a citizen of South Carolina, and Defendant

3

Hall's Motorsports is a citizen of Louisiana. *See* Rec. Doc. 1 at 2-3. Plaintiffs have the same citizenship as Defendant Hall's Motorsports. Therefore, on the face of the complaint, there is incomplete diversity. *See Caterpillar*, 519 U.S. at 68.

KYMCO argues that Hall's Motorsports was improperly joined and should be disregarded as a defendant, curing the jurisdictional defect. *See* Rec. Docs. 1 at 3-5; 20 at 4-9. "To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Gasch*, 491 F.3d at 281. When, as here, a removing defendant "rel[ies] on the second prong, . . . the threshold question . . . is whether there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). In answering this question, a "court may conduct a Rule 12(b)(6)-type analysis, looking at the allegations of the complaint" or, when "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder[,]" a court "may . . . pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573.

The removing defendant confronts a challenging task when arguing that another defendant has been improperly joined.

> The burden of proof is on the removing party. In deciding whether a party was improperly joined, we resolve all contested issues and ambiguities of state law in favor of the plaintiff. As the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns. The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand.

*Gasch*, 491 F.3d at 281-82.

Plaintiffs plead a negligence claim against Hall's Motorsports in their petition for damages, *see* Rec. Doc. 3-1, which means that it is necessary to pierce the pleadings and conduct a summary inquiry to determine whether other information indicates that Hall's Motorsports was improperly joined. *See Smallwood*, 385 F.3d at 573. KYMCO argues that piercing the pleadings reveals that Plaintiffs cannot recover against Hall's Motorsports in state court because Plaintiffs' claims are being arbitrated. Rec. Docs. 1 at 3-5; 20 at 4-9.

But KYMCO does not cite a single case in support of its argument that Plaintiffs' compliance with the arbitration agreement is a basis for finding that Hall's Motorsports was improperly joined. In fact, multiple cases addressing the issue have reached the opposite conclusion. *See Cure v. Toyota Motor Corp.*, 248 F. Supp. 2d 594, 596-97 (S.D. Miss. 2003); *Ret. Program for Emps. of Fairfield v. NEPC, LLC*, 642 F. Supp. 2d 92, 95-96 (D.

5

Conn. 2009); *Cobalt Mining, LLC v. Bank of America*, No. 07-CV-598-S, 2008 WL 695887, at *2-5 (W.D. Ky. Mar. 12, 2008); *Frank v. American Gen. Fin., Inc.*, 23 F. Supp. 2d 1346, 1348-51 (S.D. Ala. 1998). KYMCO's attempts to distinguish those cases are unavailing.

As is relevant here, courts confronted with similar situations have recognized that "even an order compelling arbitration does not under the [Federal Arbitration Act (FAA)] divest the court, state or federal, of jurisdiction." *Cure*, 248 F. Supp. 2d at 597 (citing *Frank*, 23 F. Supp. 2d at 1350). "[E]ven assuming an enforceable arbitration agreement exists, the FAA gives courts the express right only to stay the action until such arbitration has been had in accordance with the terms of the agreement, and nothing in the FAA states that a court should dismiss the action." *Cobalt Mining*, 2008 WL 695887, at *3. The state court here stayed Plaintiffs' claims against Hall's Motorsports pending the outcome of arbitration and, importantly, "maintain[ed] jurisdiction in this matter for the entry and enforcement of such arbitration award as may be rendered by the arbitration forum." Rec. Doc. 17-3. No court has since issued an order with respect to Hall's Motorsports' status in this case.

Therefore, Hall's Motorsports remained a party to the action when KYMCO filed its notice of removal, and remains a party today. Further confirming that Hall's Motorsports is still a party, Hall's Motorsports recently filed a motion to stay its participation in

the instant federal proceedings pending the outcome of arbitration. *See* Rec. Doc. 17. Neither Plaintiffs nor KYMCO objected to that motion. *See id.* The parties appear to agree that Hall's Motorsports remains a party to this action, which necessarily defeats diversity jurisdiction. KYMCO has therefore not met its weighty burden of demonstrating that Hall's Motorsports was improperly joined. *See Cobalt Mining*, 2008 WL 695887, at *4-5.

New Orleans, Louisiana, this 21st day of February, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE